**UNITED STATES of America,**
**Appellee,**

v.

**Raviv LAOR, Defendant–Appellant.**

**No. 05–5048–cr.**

United States Court of Appeals,
Second Circuit.

March 13, 2008.

Mary Gibbons, Toms River, NJ, for Appellant.

Perry Carbone, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Cathy Seibel, Deputy Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for appellee.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Defendant-appellant Raviv Laor ("defendant" or "Laor") appeals the judgment of conviction entered on August 23, 2005 following a four-week jury trial. He was sentenced to an aggregate prison term of 65 months and supervised release of 4 years. Restitution in the amount of $942,981.70, and a special assessment of $1,100 were ordered.

Defendant appeals on a number of grounds. He alleges that the District Court committed several errors, including:

not properly instructing the jury as to the nature of the scheme to defraud and constructively amending the indictment; not properly instructing the jury as to 26 U.S.C. § 7212 and constructively amending the indictment; denying defendant's motion to dismiss pursuant to Fed. R.Crim.P. 29 based on the Government's failure to prove the elements of the crime as to Counts Two through Six, Ten, Eleven, and Twenty; allowing the Government to introduce evidence of financing agreements not involving IBM Credit; instructing the jury that the witness Potenza was an accomplice rather than a "cooperating" witness; denying defendant's request for a bill of particulars to the extent requested by defendant; denying defendant's motion claiming misjoinder and requesting severance; quashing defendant's subpoena to IBM Credit seeking materials related to IBM Credit's efforts to recover items after default on lease agreements; failing to hold that the Government did not meet its obligations under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and imposing a sentence that violated the *Ex Post Facto* Clause of the United States Constitution.

With respect to Laor's claim that the jury charge on his scheme to defraud constructively amended the indictment, we find that, even had he timely objected to the instruction, it did not alter an essential element of the crime to the extent that we cannot be certain that he "was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Frank,* 156 F.3d 332, 337 (2d Cir.1998). "Because proof at trial need not, indeed cannot, be a precise replica of the charges contained in an indictment, this court has consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core criminality to be proven at trial." *United States v. Heimann,* 705 F.2d 662, 666 (2d Cir.1983)

(internal quotation marks omitted). Laor was given notice that the Government would attempt to prove that he engaged in a fraudulent scheme in which he offered unsecured general business loans to end users while representing to IBM Credit that he was extending secured equipment leases.

With respect to Laor's claim that the jury charge on 26 U.S.C. § 7212 constructively amended the indictment, we conclude that the allegations he points to, while not expressly specified in the indictment, "involved additional activities of the same character as those specifically charged in the indictment." *United States v. Zingaro,* 858 F.2d 94, 103 (2d Cir.1988). Moreover, the District Court's definition of "corruptly" in the latter jury charge was not error, because it neither failed to inform adequately the jury of the law nor misled the jury as to the correct legal standard. *United States v. Doyle,* 130 F.3d 523, 535 (2d Cir.1997). The District Court informed the jury that the Government would have to prove more than that Laor obstructed or impeded the due administration of the tax laws—that it would have to demonstrate corrupt action.

We have considered all of Laor's remaining arguments on appeal and find them to be without merit.

## CONCLUSION

For the reasons stated above, the judgment of the District Court is AFFIRMED.